## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

In re:                                              Case No. 08-09092

GAINEY CORPORATION, *et al.*[1]                     Chapter 11
                                                    Petition Date: October 14, 2008
       Debtors.                                 Jointly Administered Cases
                                                    Honorable James D. Gregg

_____/

### NOTICE OF ENTRY OF CONFIRMATION ORDER

    To: All Parties in Interest

    Pursuant to Federal Rule of Bankruptcy Procedure 2002(f)(7) and 3020(c), the Findings of Fact, Conclusions of Law, and Order Confirming Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code With Modifications (the "**Confirmation Order**", entered with respect to the Debtors' First Amended Joint Plan of Reorganization under the Bankruptcy Code, as Finally Modified (the "**Plan**") is attached hereto and served upon you herewith.

    PLEASE TAKE NOTICE the Confirmation Order, among other things, sets the Administrative Claims Bar Date, and certain other deadlines for the filing of certain claims, in each case as set forth therein. **You should read the Confirmation Order carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Date: January 4, 2010                    DICKINSON WRIGHT PLLC
                                         Attorneys for Debtors

                                         By: ___*/s/ Daniel F. Gosch*_____
                                             Daniel F. Gosch (P35495)
                                         200 Ottawa Avenue, N.W., Ste. 900
                                         Grand Rapids, Michigan 49503
                                         (616) 458-1300

GRAPIDS 29710-999 244086

_____

[1]     The Debtors are Gainey Corporation (Case No. 08-09092), Gainey Transportation Services, Inc. (Case No. 08-09094), Super Service, Inc. (Case No. 08-09096), Freight Brokers of America, Inc. (Case No. 08-09109), Lester Coggins Trucking, Inc. (Case No. 08-09095), and Gainey Insurance Services, Inc. (Case No. 08-09097).

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

|  |  |
|---|---|
| GAINEY CORPORATION, *et al.*[1] | Case No. 08-09092 |
|  | Chapter 11 |
|  | Jointly Administered Cases |
| Debtors. | Honorable James D. Gregg |

_____/

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE WITH MODIFICATIONS

This matter is before the Court pursuant to the First Amended Joint Plan of Reorganization Under the Bankruptcy Code (the "**Plan**") filed by Gainey Corporation, et. al., (collectively, the "**Debtors**")[2];  On October 30, 2009 the Bankruptcy Court (the "**Court**") entered its order (the "**Disclosure Statement Order**") preliminarily approving the First Amended Disclosure Statement With Respect to the Debtors' First Amended Joint Plan of Reorganization (as amended, the "**Disclosure Statement**") and establishing certain other procedures with respect to solicitation and balloting.  The Disclosure Statement Order established December 14, 2009 at 9:00 a.m. as the date and time of the hearing pursuant to

---

[1] The Debtors are Gainey Corporation (Case No. 08-09092), Gainey Transportation Services, Inc. (Case No. 08-09094), Super Service, Inc. (Case No. 08-09096), Freight Brokers of America, Inc. (Case No. 08-09109), Lester Coggins Trucking, Inc. (Case No. 08-09095), and Gainey Insurance Services, Inc. (Case No. 08-09097).

[2] Unless otherwise specified, capitalized terms and phrases used herein have the meaning assigned to them in the Plan.  The rules of interpretation set forth in the Plan shall apply to these Findings of Fact, Conclusions of Law and Confirmation Order.  In addition, any terms used in the Plan or these Findings of Fact, Conclusions of Law and Confirmation Order that are not defined in the Plan or this Confirmation Order, shall have the meaning ascribed to them as set forth in the Bankruptcy Code, other federal or state statutes, rules, regulations, or the Disclosure Statement, as applicable.  Terms not expressly defined in the Exhibits to the Plan shall have the meaning ascribed to them as set forth in the Plan.

section 1129 of the Bankruptcy Code to consider confirmation of the Plan (the "**Confirmation Hearing**"). The Disclosure Statement Order established December 7, 2009 as the deadline for objections to the Plan. Certain objections to confirmation of the Plan have been filed by certain parties in interest (the "**Objections**"). Certain of the Objections further objected to final approval of the Disclosure Statement. The Court finds that all such Objections, whether relating to the Plan or the Disclosure Statement are addressed in this Order, and as such are either resolved, or with respect to objections to the Disclosure Statement, moot. The Disclosure Statement Order further set December 7, 2009 as the deadline for voting on the Plan. On December 11, 2009, the Debtors filed with the Court the Declaration of Daniel F. Gosch Regarding Voting Results on Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "**Gosch Declaration**"), setting forth the results of voting in connection with the Plan.

The Court has reviewed the Plan, the Disclosure Statement, the Disclosure Statement Order, the related certificates of service, the Objections, the Gosch Declaration and the other papers before the Court in connection with the confirmation of the Plan, and all of the exhibits and appendices to each of the foregoing. The Court finds that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation were adequate and appropriate, in accordance with Bankruptcy Rule 2002(b) and the Disclosure Statement Order, as to all parties to be affected by the Plan and that the transactions contemplated thereby and the legal and factual bases set forth at the Confirmation Hearing and as set forth in this Confirmation Order establish just cause for the relief granted herein. Therefore, the Court hereby makes the following Findings of Fact and Conclusions of Law.[3]

---

[3] This Confirmation Order constitutes this Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. Any finding of fact shall constitute a finding of fact even if stated as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if stated as a finding of fact.

I.     **THE COURT FINDS AND CONCLUDES THAT:**

**FINDINGS OF FACT**

A.     **JURISDICTION AND VENUE**

1.     On October 14, 2008 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "**Bankruptcy Code**"). The Debtors were and are qualified to be debtors under section 109(a) of the Bankruptcy Code. This Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.     **DISCLOSURE STATEMENT APPROVAL ORDER**

2.     On October 30, 2009, this Court entered the Disclosure Statement Order, which, among other things, (i) preliminarily approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, (ii) set December 14, 2009 at 9:00 a.m. as the date of the Confirmation Hearing and December 7, 2009, as the deadline for voting and objections to confirmation of the Plan (iii) and provided for notice of the Confirmation Hearing.

C.     **TRANSMITTAL OF SOLICITATION MATERIALS**

3.     The notice of the Confirmation Hearing, the Disclosure Statement, the Plan, the Exhibits to the Plan and the Disclosure Statement, the Disclosure Statement Order, the Ballots described in the Plan and Disclosure Statement, and the solicitation letters included with the Solicitation Package were transmitted in accordance with Bankruptcy Rule 3017(d) and the Disclosure Statement Order. On November 24, 2009, the Debtors filed the Debtors'

3

Supplemental Disclosure (the "**Supplemental Disclosure**"), and served the same on parties in interest, as required by the terms of the Disclosure Statement Order.

### D.   FILING OF PLAN EXHIBITS

4.   The Debtors filed all exhibits, as amended, to the Plan, in accordance with the Plan.

### E.   VOTING DECLARATION

5.   On December 11, 2009, the Debtors filed the Gosch Declaration certifying the method and results of the Ballot tabulation for each of the Classes entitled to vote on the Plan voting to accept or reject the Plan.

### F.   JUDICIAL NOTICE

6.   The Court takes judicial notice of the docket of these Chapter 11 Cases as maintained by the clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Court during the pendency of these Chapter 11 Cases.

### G.   TRANSMITTAL AND MAILING OF MATERIAL; NOTICE

7.   Due, adequate and sufficient notice of the Disclosure Statement, the Supplemental Disclosure, the Plan, and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims. Due, adequate and sufficient notice of the assumption and assignment or rejection of executory contracts, along with deadlines for objecting to the same, has been provided to all parties entitled to such notice. The Disclosure Statement, Supplemental Disclosure, Plan, Ballots, Disclosure Statement Order, and notices relating to the assumption and assignment or rejection of executory contracts were

4

transmitted and served in substantial compliance with the Disclosure Statement Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and the other dates and hearings described in the Disclosure Statement Order was given in compliance with the Bankruptcy Rules and prior orders of this Court, and no other or further notice is required.

### H.      SOLICITATION; BALLOTS

8.      Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Supplemental Disclosure, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations.

9.      All procedures used to distribute solicitation materials to the applicable holders of Claims and to tabulate the Ballots were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court and all other applicable rules, laws and regulations.

### I.      BURDEN OF PROOF

10.     The Debtors, as proponents of the Plan, have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of evidence, which is the applicable evidentiary standard in this Court. The Court also finds that the Debtors have satisfied the elements of section 1129(a) and (b) of the Bankruptcy Code under the clear and convincing standard of proof.

### J.      COMPLIANCE WITH THE REQUIREMENTS OF SECTION 1129 OF THE BANKRUPTCY CODE

1. **Section 1129(a)(1)-Compliance of the Plan with Applicable Provisions of the Bankruptcy Code**

11.    The Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123 of the Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code.

a.    **Sections 1122 and 1123(a)(1)-(4)-Classification and Treatment of Claims and Equity Interests**

12.    Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, the Plan designates Classes of Claims and Equity Interests, other than Administrative Expense Claims and Priority Tax Claims.  As required by section 1122(a), each Class of Claims and Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class.  Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Equity Interests. Pursuant to sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code, the Plan adequately specifies all Classes of Claims that are unimpaired under the Plan and adequately specifies the treatment of all Classes of Claims and Equity Interests that are Impaired under the Plan. Pursuant to section 1123(a)(4) of the Bankruptcy Code, the Plan also provides the same treatment for each Claim or Equity Interest within a particular Class, unless the holder of a Claim or Equity Interest agrees to less favorable treatment of its Claim or Equity Interest.  Thus, the Plan satisfies sections 1122(a), 1123(a)(1), 1123(a)(2), 1123(a)(3) and 1123(a)(4) of the Bankruptcy Code.

b.    **Section 1123(a)(5)-Adequate Means for Implementation of the Plan**

13.     The Plan provides adequate means for it's implementation, by, without limitation, (i) providing for the establishment of the Liquidation Trust and by the transfer of property, including, without limitation, preserved Causes of Action, to the Liquidation Trust as set forth in the Plan; (ii) the appointment of the Liquidation Trustee, (iii) the grant of authority to the Liquidation Trustee, and (iv) the general authority for all corporate action necessary to effectuate the Plan. Thus, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

        c.       **Section 1123(a)(6)-Prohibition Against the Issuance of Nonvoting Equity Securities and Adequate Provisions for Voting Power of Classes of Securities**

14.     Section 1123(a)(6) of the Bankruptcy Code is inapplicable in these chapter 11 cases because, among other things, the Debtors are not issuing any securities under the Plan.

        d.       **Section 1123(a)(7)-Selection of Directors and Officers in a Manner Consistent with the Interests of Creditors and Equity Security Holders and Public Policy**

15.     The Plan provides that the Reorganized Debtor shall continue in existence pending the winding up of the Reorganized Debtors in accordance with the Plan. As of the Effective Date, the existing director of the Debtors, Harvey N. Gainey, Sr. shall remain as the director, President, and CEO of the Reorganized Debtor, and Carl Oosterhouse shall remain as the Chief Operating Officer of the Reorganized Debtor (the "**Officers**"), until such time as either such Officer may choose to resign for any reason. The Officers shall have only the limited duties set forth in the Plan. Such provisions comply with Section 1123(a)(7) of the Bankruptcy Code because the roles of the Officers are limited as set forth in the Plan, and the primary undertakings under the Plan are the obligations of the Liquidation Trustee. To the extent section 1123(a)(7) applies to the governance of the Liquidation Trust, the Plan complies with section 1123(a)(7) because the selection of the Liquidation Trustee has been accomplished in a fair and reasonable

manner, consistent with public policy and thus the Plan satisfies section 1123(a)(7) of the Bankruptcy Code.

> **e.    Sections 1123(b)(2) and (4)-Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases and Sales of Assets**

16.    As permitted by section 1123(b)(2) of the Bankruptcy Code, the Plan provides for the assumption and assignment or rejection of executory contracts of the Debtors that have not been previously assumed, assumed and assigned, or rejected pursuant to section 365 of the Bankruptcy Code and the filing and treatment of Claims arising from the rejection of executory contracts. As permitted by section 1123(b)(4) of the Bankruptcy Code, the Plan provides for the transfer of those assets which are not the subject of the Sale to the Liquidation Trust, and for the subsequent liquidation of any such assets by the Liquidation Trustee. Thus, the Plan satisfies sections 1123(b)(2) and (4) of the Bankruptcy Code.

> **f.    Sections 1123(b)(3), 1123(b)(5) and 1123(b)(6)-Retention, Enforcement and Settlement of Claims held by the Debtors**

17.    The Plan provides that, as of the Effective Date, and as permitted by with section 1123(b)(3) of the Bankruptcy Code and the Plan, certain Assets of the Debtors, as provided in Section 5.1(b) of the Plan including, without limitation, the Causes of Action, and the Insider Causes of Action if not part of the Sale, are reserved and preserved and will vest in the Liquidation Trust.   The Bankruptcy Court shall retain jurisdiction to (without limitation) determine all questions and disputes regarding all Causes of Action and the Insider Causes of Action if not part of the Sale, controversies, disputes, or conflicts, whether or not subject to any pending action as of the Effective Date, with any other party, and any other right to recover assets pursuant to the provisions of the Bankruptcy Code, including all Causes of Action and the Insider Causes of Action if not part of the Sale, as reserved, preserved and described in the Plan

and the Disclosure Statement, and to consider and act on the compromise and settlement of any Claim against or Cause of Action or Insider Cause of Action if not part of the Sale by or against any Debtor or the Liquidation Trust arising under or in connection with the Plan. Such litigation may be pursued in accordance with the Plan and the Liquidation Trust Agreement. Any recovery of the Causes of Action and the Insider Causes of Action if not part of the Sale shall be and is reserved and preserved and deemed a benefit to the Debtors' estates pursuant to 11 U.S.C. § 550. The failure of the Debtors to specifically list any Cause of Action, or Insider Cause of Action if not part of the Sale, right of action, suit or proceeding in any Exhibit to the Plan or Disclosure Statement does not, and will not be deemed to, constitute a waiver of release by the Debtors of such Cause of Action, or Insider Cause of Action if not part of the Sale, right of action, suit or proceeding, and, except as expressly provided in the Plan, the Liquidation Trustee will retain the right to pursue such Causes of Action, and the Insider Causes of Action if not part of the Sale, rights of action, suits or proceedings, in its sole discretion and therefore no preclusion doctrine, collateral estoppels, issue preclusion, claim preclusion, estoppels (judicial, equitable or otherwise) or laches will apply to such claim, right of action, suit or proceeding upon confirmation or consummation of the Plan by virtue of, or in connection with, the confirmation, consummation or effectiveness of the Plan.

## 2.    Section 1129(a)(2)-Compliance with Applicable Provisions of the Bankruptcy Code

18.    The Debtors have complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code, including section 1125 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018. The Disclosure Statement, the Supplemental Disclosure, and the procedures by which the Ballots for acceptance or rejection of

the Plan were solicited and tabulated were fair, properly conducted and in accordance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018 and the Disclosure Statement Approval Order. Consistent with the Plan, the Debtors and their respective directors, officers, employees, agents, members and professionals, as applicable, acted in "good faith," within the meaning of section 1125(e) of the Bankruptcy Code.

### 3.    Section 1129(a)(3)-Proposal of the Plan in Good Faith

19.    The Debtors proposed the Plan in good faith, in cooperation with the Committee, and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based on the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of the orderly windup of the business affairs of the Debtors and maximizing the returns available to creditors of the Debtors. Moreover, the Plan itself and the arm's length negotiations among the numerous parties in interest leading to the Plan's confirmation, as well as the support of creditors for the Plan evidenced by the voting, provide independent evidence of the Debtors' good faith in proposing the Plan.

### 4.    Section 1129(a)(4)-Court Approval of Certain Payments as Reasonable

20.    The Plan provides that all final applications for Professional Compensation for services rendered in connection with these Chapter 11 Cases prior to the Effective Date shall be filed with the Bankruptcy Court not later than forty-five (45) days after the Effective Date. In connection with the foregoing, the Plan provides that the Bankruptcy Court will retain jurisdiction after the Effective Date to (without limitation) determine any and all applications for allowances of compensation and reimbursement of expenses and reasonableness of any fee and

expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan or resolve any disputes regarding fees to be paid pursuant to the Plan. Therefore, section 1129(a)(4) of the Bankruptcy Code is satisfied.

> **5.     Section 1129(a)(5)-Disclosure of Identity of Proposed Management of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy**

21.     As set forth in Paragraph 15 hereof, the Plan provides that the Reorganized Debtor shall continue in existence pending the winding up of the Reorganized Debtors in accordance with the Plan. The Debtors have disclosed that (a) as of the Effective Date, the existing director of the Debtors, Harvey N. Gainey, Sr., and Carl Oosterhouse shall remain as the Officers of the Reorganized Debtor until such time as either such Officer may choose to resign for any reason, and that the Officers shall have only the limited duties set forth in the Plan, (b) the Officers will forego any compensation from the Reorganized Debtor until such time as suitable arrangements, if any, may be made with the Liquidation Trustee, and (c) the Officers will discuss the terms of such compensation with the Liquidation Trustee, and reserve the right to resign as Officers at any time for any reason. The Liquidation Trustee shall file a notice setting forth the terms any of any agreed compensation to be paid to the Officers, and the rights of any party in interest to object to the terms of such agreed compensation are preserved. Accordingly, because the identity of the Officers and their compensation has been disclosed, section 1129(a)(5) of the Bankruptcy Code is satisfied. To the extent section 1129(a)(5) applies to the Liquidation Trust, such section is satisfied because the Liquidation Trustee has been disclosed, consistent with the interests of holders of Claims and Equity Interests and public policy.

> **6.     Section 1129(a)(6)-Approval of Rate Changes**

11

22.    The Debtors' remaining businesses, the winding up of the affairs of the
Reorganized Debtor, and the Plan, do not involve the establishment of rates over which any
regulatory commission has or will have jurisdiction after confirmation.

### 7.    Section 1129(a)(7)-Best Interests of Holders of Claims and Interests

23.    With respect to each Impaired Class of Claims or Equity Interests set forth in the
Plan, each holder of a Claim or Equity Interest in such Impaired Class has accepted or is deemed
to have accepted the Plan, or will receive or retain under the Plan on account of such Claim or
Equity Interest property of a value, as of the Effective Date, that is not less than the amount such
holder would receive or retain if the Debtors were liquidating on the Effective Date under
chapter 7 of the Bankruptcy Code.  Further, with respect to allowed Claims and Equity Interests
in Classes VIII (Intercompany Unsecured Claims), IX (Subordinated Insider Unsecured Claims),
X (Gainey Equity Interests), and XI (Affiliate Equity Interests), each of which Classes were not
allowed to vote under the express provisions of the Plan, such Classes have not objected to the
treatment provided in the Plan.

### 8.    Section 1129(a)(8)-Acceptance of the Plan by Each Impaired Class

24.    The impaired Claims classified in Classes II, III, V, VI, and VII of the Plan have
voted to accept the Plan.  The holders of Intercompany Unsecured Claims in Class VIII,
Subordinated Insider Unsecured Claims in Class IX, Gainey Equity Interests in Class X, and
Affiliate Equity Interests in Class XI are deemed not to have accepted the Plan pursuant section
1126(g) of the Bankruptcy Code.  Nevertheless, the Plan is confirmable because, as more fully
set forth below, the Plan satisfies the "cramdown" requirement of section 1129(b) of the
Bankruptcy Code with respect to Classes VIII-XI.

### 9.    Section 1129(a)(9)-Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code

25.    The Plan, as modified in response to the Objections, provides for treatment of Administrative Expense Claims, Priority Tax Claims, and U.S. Trustee Fees in the manner required by section 1129(a)(9) of the Bankruptcy Code.

### 10.    Section 1129(a)(10)-Acceptance by at Least One Impaired Class

26.    At least one Class of Claims that is Impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, as reflected by the Gosch Declaration.

### 11.    Section 1129(a)(11)-Feasibility of the Plan

27.    The Plan satisfies section 1129(a)(11) of the Bankruptcy Code.  The Sale contemplated by the Sale Order has closed, and provides funding of the obligations under the Plan, through the delivery of the Excluded Cash, the proceeds of the Carve-Out, and the Net Recoveries.  The evidence in support of confirmation, including evidence proffered or adduced at the Confirmation Hearing in connection with the foregoing, (i) is persuasive and credible, and (ii) establishes that the Plan is feasible and that confirmation of the Plan is not likely to be followed by any liquidation or the need for further financial reorganization of the Debtors, except as otherwise proposed in the Plan.

### 12.    Section 1129(a)(12)-Payment of Bankruptcy Fees

28.    In compliance with section 1129(a)(12) of the Bankruptcy Code, Section 5.3(e) of the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930 until the closing of the Chapter 11 Cases.

### 13.    Section 1129(a)(13)-Retiree Benefits

29.    The Debtors do not have any retiree benefit obligations within the ambit of section 1129(a)(13).  Therefore, the Plan satisfies section 1129(a)(13) of the Bankruptcy Code.

### 14.    Section 1129(b)-Confirmation of the Plan Over the Nonacceptance of Impaired Classes

30.    Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be and hereby is confirmed with respect to each Debtor irrespective of whether Intercompany Unsecured Claims in Class VIII, Subordinated Insider Unsecured Claims in Class IX, Gainey Equity Interests in Class X, and Affiliate Equity Interests in Class XI are impaired and are deemed not to have accepted the Plan pursuant to section 1126(g) of the Bankruptcy Code. Other than the requirement in section 1129(a)(8) of the Bankruptcy Code that Classes VIII, IX, X and XI accept the Plan, all of the requirements of section 1129(a) of the Bankruptcy Code have been met. The Plan does not discriminate unfairly and is fair and equitable with respect to Classes VIII, IX, X and XI. With respect to Classes VIII, IX, X, and XI the requirements of section 1129(b)(2)(B)and 1129(b)(2)(C) have been met, as evidenced by the record and evidence adduced at the Confirmation Hearing.

### 15.    Bankruptcy Rule 3016(a)

31.    The Plan is dated and identifies the entities submitting the Plan, thereby satisfying Bankruptcy Rule 3016(a).

### 16.    Section 1129(d)-Purpose of the Plan

32.    The primary purpose of the Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act, and there has been no objection filed by any governmental unit asserting such avoidance.

## K.    SETTLEMENTS, RELEASES AND INDEMNIFICATION

### 1.    Fairness and Necessity of Releases and Indemnification

33.    The settlements, compromises, releases, waivers, discharges, exculpations, indemnifications and injunctions set forth in Sections 7.2, 12.2, 15.3, and 15.11 of the Plan are,

14

individually and collectively, (i) integral to successful implementation of the Plan, (ii) necessary for approval of the Plan, (iii) supported by reasonable consideration, and (iv) consistent with sections 105, 1123 and 1129 and other applicable provisions of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 9019(a).

### 2.   Objections to Plan Confirmation

34.   The Objections to Plan Confirmation have been resolved (including without limitation as evidenced by modifications to the Plan as set forth in this Confirmation Order) or are overruled.

### II.   CONCLUSIONS OF LAW

### A.   JURISDICTION AND VENUE

35.   The Debtors were and are qualified to be debtors under section 109(a) of the Bankruptcy Code.  This Court has jurisdiction over these chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### B.   EXEMPTIONS FROM SECURITIES LAWS

36.   Pursuant to section 1146(b) of the Bankruptcy Code, the following shall not be subject to any stamp tax or similar tax (collectively, "**Transfer Taxes and Charges**"):  (i) the transfer or sale of any assets of the Reorganized Debtor under, pursuant to or in connection with the Plan, including sales of assets by the Liquidation Trust; (ii) the creation, modification, assignment, consolidation, filing or recording of any mortgage, deed of trust, lien, security agreement, financing statement, release or similar instrument in connection with any such sale of

assets of the Reorganized Debtor; or (iii) the creation, modification, assignment, delivery, filing or recording of any deed or other instrument of transfer under, in furtherance of or in connection with any such sales and any other agreements or certificates of sale, dissolution, liquidation, deeds, bills of sale, assignment or other instruments of transfer executed by the Liquidation Trust in connection with the Plan, this Confirmation Order or any transaction arising out of, contemplated by or in any way related to the foregoing occurring on or after the Effective Date. The appropriate state or local governmental officials or agents are hereby directed to forego the collection of any Transfer Taxes and Charges and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of such Transfer Taxes and Charges.

### C. COMPLIANCE WITH SECTION 1129 OF THE BANKRUPTCY CODE

37.     The Plan complies in all respects with the applicable requirements of section 1129 of the Bankruptcy Code.

### D. APPROVAL OF THE SETTLEMENTS AND RELEASES PROVIDED UNDER THE PLAN AND CERTAIN OTHER MATTERS

38.     Pursuant to sections 105 and 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the settlements, compromises, releases, waivers, discharges, exculpations, indemnifications and injunctions set forth in the Plan and this Confirmation Order are approved as integral parts of the Plan and are fair, equitable, reasonable and in the best interests of the Debtors and the holders of Claims and Equity Interests and supported by consideration that is necessary to the approval of the Plan.

### III.   ORDER

### ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

### A. CONFIRMATION OF THE PLAN

39.     The Plan and each of its provisions (whether or not specifically approved herein), are confirmed and approved in each and every respect pursuant to section 1129 of the Bankruptcy Code; provided, however, that if there is any conflict between the terms of the Plan and the exhibits thereto, and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. All of the Objections and other responses to, and statements and comments regarding, the Plan have been overruled or resolved as set forth herein.

40.     The Objection filed by the State of Michigan is resolved as follows:

(a)     Notwithstanding Section 2.4 of the Plan, the Priority Tax Claims of the State of Michigan shall be allowed as filed on the Effective Date of the Plan and shall be paid by the Liquidation Trust on the Effective Date. Any such Priority Tax Claim shall remain subject to the rights of all parties in interest to object to the allowance of some or all of such Priority Tax Claim within the time limitations set forth in the Plan. In the event the Bankruptcy Court shall determine that some or all of such Priority Tax Claim should be finally disallowed, the State of Michigan shall disgorge and promptly pay to the Liquidation Trust the amount of such Priority Tax Claim which has been finally disallowed as determined by the Bankruptcy Court.

(b)     The Debtors shall make the following modifications to the Plan:

(i)     Section 1.79 of the Plan is restated as follows:

"1.79    Priority Tax Claim means any Claim of a governmental unit of the kind specified in sections 502(i) and 507(a)(8) of the Bankruptcy Code, including any Claim of such governmental unit for post-petition interest as set forth under applicable law and Section 511 of the Bankruptcy Code."

(ii)    Section 2.4 of the Plan is restated as follows:

"2.4    Priority Tax Claims. Except to the extent that the holder of an Allowed Priority Tax Claim has been paid prior to the Effective Date or agrees to a different treatment, each holder of an Allowed Priority Tax Claim shall receive, in full and complete settlement, satisfaction and discharge of its Allowed Priority Tax Claim Cash in an amount equal to such Allowed Priority Tax Claim on the later of the Effective Date and the date such Priority Tax Claim becomes an

17

Allowed Priority Tax Claim, with interest as provided under applicable non-bankruptcy law.    The Allowed Priority Tax Claims shall be paid by the Liquidation Trustee from the Excluded Cash."

41.    To resolve the Objection filed by Mercantile Bank of Michigan, the Debtors acknowledge and agree that the Debtors' Chapter 11 Plan, this Confirmation Order and section 1141 of the Bankruptcy Code shall not be deemed to release, discharge or otherwise affect any Liens or other encumbrances (including any rent and lease assignments) on or in any property in which any Debtor or Debtors hold an interest, the title to which property is owned by nondebtor entities.

42.    To resolve the Objection filed by Dallas County, the Debtors have represented to the Court that it is agreed that the pre-petition secured claim of Dallas County in the amount of $116,634.52 (inclusive of interest as required by section 506 of the Bankruptcy Code) has been paid from the proceeds of the Sale.  The administrative expense claim of Dallas County, in the amount of $99,250.65, will be Allowed and paid by the Liquidation Trust from the Post-Confirmation Wind Down Budget and the Excluded Cash, in such amount, by December 31, 2009 provided that the Effective Date has occurred as of such date, or on the Effective Date of the Plan, if the Effective Date occurs after December 31, 2009.

43.    To resolve the Objection filed by Liberty Mutual Insurance Company, and all of its affiliates party to the Objection of Liberty Mutual Insurance Company to Confirmation of the First Amended Joint Plan of Reorganization of Gainey Corporation Under Chapter 11 of the Bankruptcy Code (herein, collectively "**Liberty Mutual**") the Debtors have agreed that nothing contained in the Plan or this Confirmation Order shall alter or modify: 1) Liberty Mutual's rights that existed prior to the Confirmation to participate in the handling, settlement, defense, or adjustment of claims; 2) the method of making payment of claims covered by the Insurance Contracts that existed prior to the Confirmation Date; or 3) Liberty Mutual's or Debtors'

18

respective rights under the Insurance Contracts, if any, that existed prior to the Confirmation Date, provided, in each such case, any claim of Liberty Mutual under the Insurance Contracts shall be afforded and expressly subject to the treatment provided under the Plan.

44.     To resolve the Objection filed by FCC Equipment Financing, the Debtors have agreed as follows: On the Effective Date, the automatic stay will be terminated without further order of the Court with respect to the 249 trailers (the "**FCC Collateral**") subject to the Lien of FCC Equipment Financing, Inc. ("**FCC**") and the Debtors and the Reorganized Debtor shall promptly cease all further use of the FCC Collateral. Upon termination of the automatic stay, the Debtor, the Reorganized Debtor and the Liquidation Trustee shall cooperate reasonably to deliver the FCC Collateral to locations reasonably identified by FCC which are reasonably proximate to the present locations of the FCC Collateral, or to such alternative locations as FCC and the Reorganized Debtor may mutually agree. Nothing in this Confirmation Order shall be deemed to preclude FCC from disposing of the FCC Collateral in any commercially reasonable manner, and FCC shall account to the Liquidation Trustee upon the completion of the disposition of the FCC Collateral. The performance of the obligations of the Reorganized Debtor and the Liquidation Trustee under this Paragraph 44 of the Confirmation Order shall constitute satisfaction of the obligations of the Reorganized Debtor and the Liquidation Trustee arising under Section 4.2(b) of the Plan.

45.     To the extent not addressed herein, all Objections are either moot, or overruled.

19

46.    All objections to the adequacy of the Disclosure Statement are rendered moot by the resolution of the Objections, and the Disclosure Statement is finally approved as containing adequate information, for all purposes under the Bankruptcy Code.

**B.    EFFECTS OF CONFIRMATION**

### 1.    Immediate Effectiveness; Successors and Assigns

47.    The stay contemplated by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order. Subject to any applicable provision of the Plan, and notwithstanding any otherwise applicable law, immediately upon entry this Confirmation Order, the terms of the Plan and this Confirmation Order shall be deemed binding upon the Debtors, the Reorganized Debtor, the Liquidation Trust and Liquidation Trustee, any and all holders of Claims or Equity Interests (irrespective of whether such Claims or Equity interests are allowed, disallowed, subordinated, equitably subordinated, contingent or impaired under the Plan or whether the holders of such Claims or Equity Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all non-debtor parties to executory contracts with any of the Debtors and any and all entities who are parties to or are subject to the settlements, compromises, releases, discharges and injunctions described above and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

### 2.    Additional Plan Modifications

48.    In addition to the modifications to the Plan set forth in Paragraphs 40-44 hereof, the following additional modifications to the Plan are hereby approved:

(a)    Section 1.3 of the Plan is modified by deleting the reference to section 507(a)(1) contained therein, and replacing the same with the term "507(a)(2)".

(b)    Section 1.40 of the Plan is restated as follows:    "1.40 Effective Date means that day with is the first Business Day following the day that the Confirmation Order becomes a Final Order.".

20

(c)    Section 1.81 of the Plan is modified by deleting the word "Confirmation" and inserting in place thereof the term "Effective".

(d)    Section 2.3 of the Plan is modified by deleting the reference to the term "Confirmation Date" wherever the same shall appear in such section, in replacing the same with the term "Effective Date".

(e)    The last sentence of Section 5.3(d) of the Plan is restated as follows:  "The Reorganized Debtor and the Debtors' professionals shall remain available to assist the Liquidation Trustee with his duties and responsibilities set forth in Section 5.3(c) of the Plan; provided however, the Debtors' professionals shall not be obligated to perform any services, and provided further, that to the extent the Debtors' professionals agree to perform such services, and no actual conflict of interest exists, such professionals may simultaneously serve as professionals for the Reorganized Debtors, and such engagements shall not preclude payment of compensation from the Reorganized Debtors and the Liquidation Trust for services provided as set forth herein."

(f)    The first sentence of Section 6.2 of the Plan is restated as follows:  "Except as provided in the Sale Order and the amended APA described, approved, and incorporated therein, the Reorganized Debtor, in consultation with the Committee and the Liquidation Trustee, in addition to any other duties provided under the Plan, shall administer the Unsecured Liability Claims and the Insurance Contracts, including, but not limited to, pursuing objections to related Claims, but excluding Class IV Claims, as the Reorganized Debtor may determine."

(g)    Section 11.1 of the Plan is modified by deleting the word "Confirmation" and inserting in place thereof the term "Effective".

(h)    Section 12.2(c) of the Plan is restated as follows:  "(c) creating, perfecting or enforcing any Lien or encumbrance of any kind against the Reorganized Debtor or against the property of the Reorganized Debtor, other than actions to continue perfection of any Lien existing as of the commencement of the Chapter 11 Cases, and".

(i)    Section 14.1(p) of the Plan is modified by deleting the word "Confirmation" and inserting in place thereof the term "Effective".

(j)    Section 15.16 of the Plan, designated "Section 1125 of the Bankruptcy Code" is renumbered as Section 15.22.

All such modifications or amendments to the Plan since the solicitation, as set forth in this Confirmation Order and on the record at the Confirmation Hearing, are nonmaterial, technical changes and approved pursuant to section 1127(a) of the Bankruptcy Code. The Plan, as modified, is adopted as the Plan for all purposes under this Confirmation Order, and meets the requirements of, among other applicable law, sections 1122 and 1123 of the Bankruptcy Code. Promptly after the Effective Date the Reorganized Debtor shall file a copy of the Plan, containing the modifications set forth in this Confirmation Order.

### 3.   Plan Classification Controlling

49.     The classification of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Debtors' creditors or interest holders in connection with voting on the Plan (i) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (iii) may not be relied upon by any creditor as representing the actual classification of such Claims under the Plan for distribution purposes and (iv) shall not be binding on the Liquidation Trust or the Reorganized Debtor.

### C.   ADMINISTRATIVE CLAIMS BAR DATE

50.     Except as otherwise provided in the Plan, unless previously filed, requests for payment of Administrative Expense Claims must be filed and served on the Liquidation Trustee and its counsel no later than 30 days after this Confirmation Order becomes a Final Order (the "**Administrative Claims Bar Date**") in accordance with the Plan. Final fee applications for professional compensation and reimbursement of expenses must be filed and served on the

Liquidation Trustee and its counsel no later than 45 days after the Effective Date. Holders of Administrative Expense Claims that are required to file and serve a request for payment of such Administrative Expense Claims and that do not file and serve a request by the applicable bar date shall be forever barred from asserting such Administrative Claims against the Debtors, the Liquidation Trust, and their respective successors or their respective property as of the Effective Date.

### D.   MATTERS RELATING TO IMPLEMENTATION OF THE PLAN

#### 1.   Existence; Vesting of Assets in Liquidation Trust

51.   Except to the extent any such property has previously vested in the Liquidation Trust, on the Effective Date, the Assets described in Section 5.1(b) of the Plan shall vest in the Liquidation Trust, subject to the provisions of the Plan.

#### 2.   Liquidation Trust

52.   The powers, authority, responsibilities and duties of the Liquidation Trust and the Liquidation Trustee are set forth in and will be governed by the Liquidation Trust Agreement.

#### 3.   Automatic Stay

53.   The stay in effect in the Chapter 11 Cases pursuant to section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to any injunctions set forth in the Plan and this Confirmation Order and/or sections 524 and 1141 of the Bankruptcy Code.

#### 4.   Approval of Executory Contract and Unexpired Lease Provisions and Related Procedures

54.   As of the occurrence of the Effective Date, all executory contracts and unexpired leases of the Debtors which were not the subject of a pending application to assume as of the Effective Date, shall be deemed rejected, and the entry of this Confirmation Order shall

constitute approval of any such rejections pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Any dispute over whether a contract is executory shall be resolved by the Court upon motion and notice to affected parties, the Committee, and the Liquidation Trust.

55.    All proofs of claim arising from the rejection of executory contracts or unexpired leases must be filed within thirty (30) days after the earlier of: (i) the date of entry of an order of the Bankruptcy Court approving any such rejection; and (ii) the Effective Date. Any Claims arising from the rejection of an executory contract or unexpired lease for which proofs of claim are not timely filed within that time period will be forever barred from assertion against the Debtors, the Reorganized Debtor, the Liquidation Trust, their successor and assigns, and their assets and properties, unless otherwise ordered by the Bankruptcy Court or as otherwise provided herein.

56.    Except as otherwise provided under the Plan, claims for rejection of any executory contract or unexpired lease against any Debtor shall be treated as an Other Unsecured Claims against such Debtor to the extent they are deemed to be Allowed Claims, and shall be satisfied in accordance with the Plan and the Confirmation Order.

57.    Nothing in this Confirmation Order, the Plan or any exhibit to the Plan is intended or shall be construed as a waiver of the Debtors' authority to assume and assign or reject an executory contract or unexpired lease prior to the Effective Date as set forth in the Plan.

E.    **ACTIONS IN FURTHERANCE OF THE PLAN**

58.    The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Reorganized Debtor or the Liquidation Trust to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this

24

Confirmation Order in accordance with the terms of the Plan and the Confirmation Order. In addition to the authority to execute and deliver, adopt or amend, as the case may be, the contracts, leases, instruments, releases, and other agreements specifically granted in this Confirmation Order, the Debtors and the Reorganized Debtor are each authorized and empowered, without action of their respective stockholders, members, managers or boards of directors, to take any and all such actions as any of their officers may determine necessary or appropriate to implement, effectuate and consummate any and all documents and transaction contemplated by the Plan or this Confirmation Order.

### F.        SATISFACTION OF CLAIMS AND INTERESTS

#### 1.        Claims and Interests

59.        To the extent set forth in the Plan, the rights afforded in the Plan and the treatment of all Claims and Equity Interests in the Plan shall be in exchange for and in complete satisfaction and release of Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtors or any of their respective assets. Except as otherwise provided in the Plan (i) on the Effective Date, all Claims against the Debtors will be deemed satisfied and released in full as provided in the Plan and (ii) all entities shall be precluded from asserting against the Liquidation Trust or the Debtors and their Estates, their respective successors or assigns, or the assets, to the extent set forth in the Plan. Except as otherwise provided in the Plan, neither the Plan, nor entry of the Confirmation Order, nor any failure to object to a Claim shall have any res judicata, estoppel, or other preclusive effects as to the Reorganized Debtor, the Liquidation Trust, or their successor or assigns, with respect to any Cause of Action against any party.

#### 2.        Injunctions

60.     Except as provided in the Plan or this Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim, Equity Interest, or other debt or liability that would be discharged upon Confirmation but for the provisions of section 1141(d)(3) of the Bankruptcy Code are permanently enjoined as set forth in Section 12.2 of the Plan.

### G.     SUBSTANTIAL CONSUMMATION

61.     The substantial consummation of the Plan, within the meaning of section 1127 of the Bankruptcy Code, is deemed to occur on the Effective Date.

### H.     RETENTION OF JURISDICTION

62.     Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, the Court shall retain such jurisdiction over these Chapter 11 Cases after the Effective Date as is legally permissible, including jurisdiction over the matters set forth in Article XIV of the Plan, which provisions are incorporated herein by reference.

### I.     PAYMENT OF STATUTORY FEES

63.     All fees payable pursuant to section 1930 of title 28 of the United States Code after the Effective Date, as may be determined by the Bankruptcy Court at a hearing pursuant to section 1128 of the Bankruptcy Code shall be paid prior to the closing of the Chapter 11 Cases on the earlier of when due or the Effective Date, or as soon thereafter as practicable by the Liquidation Trust.

### J.     NOTICE OF ENTRY OF CONFIRMATION ORDER

64.     Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtors are directed to serve a notice of the entry of this Confirmation Order, and if it has occurred, the Effective Date,

(the "**Confirmation Notice**"), on all parties that received notice of the Confirmation Hearing, no later than 15 days after entry of the Confirmation Order.

Dated:  December 31, 2009

_____
U.S. Bankruptcy Judge

GRAPIDS 29710-999 243223v3

27